MILLER, Judge.
Defendant Alton Stewart shot and killed his sister’s husband James Oscar Mathews. Plaintiffs are Mathews’ widow, Mrs. Ella Mathews, and their daughter Mrs. Elouise Johnson. Stewart appeals from the judgment awarding $35,292.29 to the widow and $7,500.00 to the daughter. We affirm.
Appellant failed to set forth Specifications of Error and we find the trial court’s decision supported by the record. The only issue meriting consideration is the suggestion in Stewart’s brief that Mathews was looking for trouble and unfortunately found it; that Stewart thought Mathews had a gun and Stewart acted in self defense.
The evidence preponderates that Mathews was unarmed. Within ten to fifteen minutes after the shooting, Stewart brought a friend to the scene but did not suggest that the shooting was necessary or justified. When Stewart was arrested he did not suggest that Mathews was armed. Stewart testified seven days after the shooting that his attorney was the first person to learn this relevant fact.
Stewart’s 22 automatic rifle was the only gun fired and the only gun found. There is no manifest error in the trial court’s rejection of Stewart’s contentions that Mathews was the aggressor and that Stewart was acting in self-defense.
A person is not justified in using a dangerous weapon in self-defense where the attacking party is not armed and when the person does not reasonably believe he is threatened with bodily harm. Brasseaux v. Girouard, 269 So.2d 590 (La.App. 3 Cir. *210 1972). The burden of proving this affirmative defense rests upon the party urging its application. There is no manifest error in the trial court’s finding that Stewart failed to meet this burden.
The trial court’s judgment is affirmed at appellant’s costs.
Affirmed.